IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| EDWARD TYRONE RIDLEY, | : |
| Petitioner, | : |
| VS. | :  1 : 14-CV-34 (WLS) |
| Warden STANLEY WILLIAMS, | : |
| Respondent. | : |

**ORDER and RECOMMENDATION**

Petitioner filed this application for writ of habeas corpus under 28 U.S.C. § 2254, which was construed by the Court as a challenge to his 2013 Crisp County conviction. (Doc. 1). Presently pending herein are various motions filed by the Petitioner.

*Injunctive relief (Docs. 36, 48, 53, 54, 58, 64, 65)*

Petitioner has filed multiple motions seeking various forms of injunctive or declaratory relief, in the form of prison and local law enforcement investigations, expungement of his criminal history, state court hearings, transfer of jurisdiction, and rulings on issues involving his state convictions. As previously noted by the Court, an injunction will not issue unless the movant shows, among other things, that there is a substantial likelihood of success on the merits and that irreparable injury will be suffered unless the injunction issues. Petitioner has not established either a likelihood of success on the merits or a threat of irreparable injury in regard to his requests for injunctive and declaratory relief. Accordingly, it is the Recommendation of the undersigned that Petitioner's motions seeking injunctive relief pending at Documents 36, 48, 53, 54, 58, 64,

and 65 be **DENIED.**

*Emergency transfer, reduction of sentence, or release (Docs. 37, 38, 42, 43, 45, 56)*

Similarly, the Petitioner has not established a basis for his requested transfers, sentence reduction or release based on his challenges to state law and his state conviction. Such challenges are reserved for the ultimate determination of Petitioner's request for Federal habeas relief and will be addressed at the appropriate time herein.   It is accordingly the Recommendation of the undersigned that Petitioner's motions pending at Documents 37, 38, 42, 43, 45, and 56 be **DENIED**.

*Discovery (Docs. 41, 44, 47, 57)*

The Court has previously stated that unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, the Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.   As Petitioner has not established the inadequacy of the state habeas Court's fact-finding procedure or that he was denied the opportunity for a full, fair, and adequate hearing at the state habeas level, Petitioner's motions seeking discovery are accordingly **DENIED**.

*Appointment of counsel (Docs. 48, 50, 54)*

Petitioner has filed three motions seeking the appointment of counsel.   (Docs. 48, 50, 54).   Generally speaking, no right to counsel exists in civil actions.   *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975);

*Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983).   Appointment of counsel is a privilege that is justified only by exceptional circumstances.   *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Petitioner's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).   Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the Petitioner without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the Petitioner.   The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required.   Accordingly, Petitioner's motions for appointment of counsel are **DENIED.**

*Motion to amend (Doc. 52)*

Petitioner filed his original Petition on February 24, 2014 (Doc. 1), and then filed his first Amended Petition prior to the service of any responsive pleading (Doc. 33), as permitted by Rule 15(a).   On April 18, 2014, the Court filed an Order directing service of the Petition on the Respondent, and directing the Petitioner to amend his Petition to include every unalleged possible constitutional error or deprivation entitling him to federal relief within thirty (30) days of the date of the Order.   (Doc. 34).   Petitioner filed an amendment to his Petition (Doc. 46) and a Motion to Amend his Petition (Doc. 52) within the thirty

(30) day time period.  As Petitioner's Motion to Amend was filed within the thirty (30) day time period set by the Court for such amendments (Doc. 34), Petitioner's Motion to Amend (Doc. 52) is **GRANTED**, and the Petition is deemed amended by Documents 33, 46, and 52 as of the date of this Order.  The Respondent is directed to respond to the Petitioner's additional attempt to amend his Petition at Document 59, addressing whether Petitioner should be allowed to so amend, **WITHIN 21 DAYS** of the date of this Order.

In light of Petitioner's multiple, at times duplicative, filings, the Court instructs the Petitioner that the right of access to the courts "is neither unconditional nor absolute." *Smith v. United States*, 386 Fed.Appx. 853, 857 (11th Cir. 2010) *citing Procup v. Strickland*, 792 F.2d 1069, 1077-78 (11th Cir. 1986).  "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III judicial functions."  *Procup*, 792 F.2d at 1073-73.  For that reason, "[a] litigant can be severely restricted as to what he may file and how he must behave in his applications for judicial relief."  *United States v. Powerstein*, 185 Fed.Appx. 811, 813 (11th Cir. 2006) *internal citations omitted*.

Accordingly, should Petitioner continue to file duplicative and excessive motions, the Court may be forced to impose reasonable restrictions on Petitioner's ability to file pleadings or motions.  While the Court is sensitive to the Petitioner's rights to pursue relief, the Court is not required to allow Petitioner to inundate the Court with unnecessary and duplicative filings that have been shown to provide no relief to the Petitioner.

Therefore, Petitioner is on notice that he must prosecute this action with reason and caution.

**SO ORDERED and RECOMMENDED**, this 13th day of June, 2014.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE