IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| EDWARD TYRONE RIDLEY, : | |
| : | |
| Petitioner, : | |
| : | |
| VS. : | 1 : 14-CV-34 (WLS) |
| : | |
| Warden STANLEY WILLIAMS, : | |
| : | |
| Respondent. : | |

**ORDER and RECOMMENDATION**

Presently pending in this federal habeas action is the Respondent's Motion to Dismiss the Petition as unexhausted.  (Doc. 72).   Petitioner filed this application for writ of habeas corpus under 28 U.S.C. § 2254, and this application was construed by the Court as a challenge to his 2013 Crisp County conviction for failing to register as a sex offender.   (Docs. 10, 34).   Petitioner filed his original Petition on February 24, 2014 (Doc. 1), and then filed his first Amended Petition prior to the service of any responsive pleading (Doc. 33), as permitted by Rule 15(a).   On April 18, 2014, the Court filed an Order directing service of the Petition on the Respondent, and directing the Petitioner to amend his Petition to include every unalleged possible constitutional error or deprivation entitling him to federal relief within thirty (30) days of the date of the Order.   (Doc. 34).   Petitioner filed an amendment to his Petition (Doc. 46) and a Motion to Amend his Petition (Doc. 52) within the thirty (30) day time period.   As Petitioner's Motion to Amend was filed within the thirty (30) day time period set by the Court for such amendments (Doc. 34), Petitioner's Motion to Amend (Doc. 52) was granted, and the Petition was deemed amended by Documents 33, 46, and 52.

The Respondent maintains that all of Petitioner's claims for federal habeas relief remain

unexhausted in the state system, as Petitioner has not pursued any direct or collateral challenge to the conviction and sentence under attack.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides that a court shall not grant an application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1).  "It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."  *Picard v. Connor*, 404 U.S. 270, 275 (1971).   The petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."  *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *Id.* at 845.  "Before a state prisoner may file a federal habeas petition, he must exhaust his state remedies by petitioning the highest court in the state in which he is being held when such review is part of the ordinary appellate review procedure." *Jackson v. Walker*, 206 Fed.Appx. 967, 968 (11th Cir. 2006).  Contrary to the Respondent's assertions, in order to satisfy the exhaustion requirement, "[i]t is settled that a habeas petitioner need not have sought state habeas relief so long as he has exhausted his direct appeal remedies." *Martin v. Sec'y., Dep't. of Corrections*, 262 Fed.Appx. 990, 992 (11th Cir. 2008).

The Petitioner bears the burden of proving that he has exhausted available state remedies,

2

and retains the burden to prove all facts relevant to the exhaustion requirement.  *Toulson v. Beyer*, 987 F.2d 984, 987 (3rd Cir. 1993); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3rd Cir. 1997); *Mack v. Singletary*, 142 F.Supp.2d 1369, 1375 (S.D.Fla. 2001).  The Petitioner's responses to the Respondent's Motion to Dismiss do not establish any level of exhaustion, as Petitioner continues to challenge only the merits of his conviction and the basis therefore and seeks to have it "transferred" to a "lower court".  (Docs. 81, 82, 83, 85).  Petitioner raises multiple grounds for relief in his original and amended Petitions.  (Docs. 1, 33, 46, 52).  None of these grounds were raised in any proceeding in the state system and remain unexhausted.

Accordingly, as the Petitioner has failed to exhaust available state court remedies as to any of his grounds for relief, it is the recommendation of the undersigned that the Respondent's Motion to Dismiss be **GRANTED** and that this federal habeas corpus Petition, as amended, be **DISMISSED**, without prejudice to the Petitioner's right to refile once he has exhausted the remedies available to him in the state court system.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.  If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

*Miscellaneous motions*

The Petitioner has filed multiple motions seeking various forms of relief, including release

from custody, hearings, and voiding of his state sentences.   (Docs. 58, 66, 67, 69, 70, 75, 81, 91, 94, 101, 106, 109, 110, 111, 112, 113).   In light of the Court's finding that Petitioner's claims for habeas relief remain unexhausted, and that this Petition should be dismissed accordingly, the Petitioner's motions for various forms of relief are moot and are **DENIED** as same.

**SO ORDERED and RECOMMENDED**, this 13th day of August, 2014.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE